UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08 CA 11226 NMG

| | |
|---|---|
| DOUGLAS A. ABDELNOUR, JR.,<br>　　　Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| BASSETT CUSTOM BOATWORKS, INC.,<br>W. DANA BASSETT, IAN O'CONNELL,<br>AND J&J MARINE FABRICATING, INC.,<br>　　　Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| J&J MARINE FABRICATING, INC.,<br>　　　Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UGLY BOAT, INC., and<br>BOATMOLDTRADER.COM,<br>　　　Third Party Defendants. | ) |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION OF THIRD PARTY DEFENDANT UGLY BOAT, INC.  TO SET ASIDE ENTRY OF DEFAULT**

NOW COMES Third Party Defendant Ugly Boat, Inc. ("Ugly Boat") and respectfully requests that this honorable Court set aside the default entered against it on December 8, 2008 pursuant to the Federal Rules of

1

Civil Procedure Rule 55(c).   As grounds therefore, Ugly Boat says the following:

## **BACKGROUND**

Plaintiff Douglas Abdelnour ("Abdelnour") initiated this action in the Massachusetts Superior Court in Barnstable against Defendant Bassett Custom Boatworks, Inc. ("Bassett") for allegedly failing to build a boat purchased by him in a good and workmanlike manner and against J & J Marine Fabricating, Inc. ("J & J") which supplied the fishing tower that was constructed for and installed on the boat.

On July 18, 2008, Bassett responded to the Complaint with an Answer containing cross-claims against J & J Marine and a third party complaint against Ugly Boat for the fabrication of the hull and deck.   Bassett further alleged that Ugly Boat used Bassett's boat molds to manufacture and sell a proprietary Bassett boat without permission or authorization.

In or about mid August 2008, Ugly Boat, Inc. received by first class mail a document entitled *Bassett Custom Boatworks, Inc.'s Answer to Defendant/Third Party Plaintiff, J & J Marine Fabricating, Inc.'s Cross-Claim And Cross-Claim Against Ugly Boat, Inc. And Boatmoldtrader.com.*

Thereafter, sometime in September 2008, a United States Deputy Sheriff dropped off papers at Ugly Boat entitled *J & J Marine Fabricating's*

*Answer To Plaintiff's Complaint, Answer To Defendant Bassett Custom Boatworks, Inc., W. Dana Bassett And Ian O'Connell's Crossclaim, Breach of Contract And Demand For Indemnification And Third Party Complaint Of Defendant And Third Party Plaintiff, J & J Marine Fabricating, Inc.* Ugly Boat, through its president Michael Vernese, promptly brought this document to Trey Howard, Esq., a Florida attorney who tried on numerous occasions to reach Plaintiff's counsel by telephone but never received a return telephone call.   Attorney Howard then advised Ugly Boat that no response was required in the Massachusetts action because he believed service of process to be improper and because Ugly Boat had not conducted any business in Massachusetts.  In fact, all work on the hull and components took place in Florida, all communications with Bassett were by telephone or email, and no one from Ugly Boat ever traveled in Massachusetts in connection with this matter.  In fact, it was Bassett's representative who visited Florida to examine the progress on construction of the hull and it was Bassett, not Ugly Boat, which arranged for the shipment of the hull from Florida to Massachusetts.  This transaction was an isolated incident with a Massachusetts resident or corporation and Ugly Boat has sold no other hulls or components in Massachusetts.

Furthermore, Ugly Boat believed all actions relating to this matter were to be litigated in Florida because Defendants Bassett and Ian O'Connell had previously instituted the case of *Dana Bassett and Ian O'Connell v. Ugly Boat, Inc.*, Third Circuit Court in and for Taylor County, Florida, Case No. 07-871-CA seeking replevin of the molds used to manufacture the hull at issue in this case and in which Ugly Boat counterclaimed seeking payment for the balance due for the hull molds and other sums. That litigation remains pending.

In or about early March 2009, Ugly Boat received by regular mail a document entitled *Defendant, Bassett Custom Bodywork's, Inc. Motion For Leave To Amend Answer To Assert An Additional Cross-Claim.* Because it did not specifically name Ugly Boat in the caption and because it arrived by ordinary mail Ugly Boat did not believe that any formal response was required.

In or about mid-March of 2009 President Vernese of Ugly Boat discovered that he had been named personally in this matter despite the fact that he had never been in Massachusetts nor conducted any business in Massachusetts. At that time Mr. Vernese was advised by Attorney Howard to seek counsel to appear in this action which he promptly did.

Ugly Boat has several meritorious defenses to the claims asserted against it including the issue of personal jurisdiction, forum non conveniens and substantial substantive defenses including the fact that portions of the structure of the boat were fabricated from a plug as opposed to a mold which fact was known to the Defendants, that parts of a vessel from a plug as opposed to a mold are less substantial and that Defendants made modifications to the hull after taking delivery including cutting out the transom and raising the deck without reinforcing the hull or running plug.

At this time, Ugly Boat's delay in filing a responsive pleading has not caused any of the Defendants to be prejudiced as there is no loss of evidence, no increased difficulties of discovery because discovery does not appear to have yet taken place, and no enhanced opportunity for fraud or collusion.

## ARGUMENT

I.   THIRD PARTY DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT SHOULD BE GRANTED BECAUSE GOOD CAUSE EXISTS IN ACCORDANCE WITH FED.R.CIV.P. RULE 55(c)

Entry of default may be set aside merely for good cause shown. Fed.R.Civ.P. Rule 55(c).  In determining whether good cause to set aside

default is shown, courts balance whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989).  A court may also consider the explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. See *id.*  Courts take a "liberal approach" to setting aside an entry of default, and "resolve doubts" in favor of the party seeking relief. *Id.*

A.   <u>Third Party Defendant's Motion To Set Aside Entry Of Default Should Be Granted Because The Default Was Not Willful</u>

A default that is merely negligent as opposed to deliberate does not constitute willfulness when determining whether to set aside an entry of default. See *Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir.1989).

In the case at issue, Ugly Boat did not deliberately fail to answer or otherwise respond to Bassett's cross-claim.  In fact, Ugly Boat promptly and diligently sought the advice of counsel who tried on numerous occasions to reach the opposing party's attorney by telephone but never received a return telephone call.  Furthermore, Ugly Boat's delay in filing a formal response is excusable because of the fact that Ugly Boat was advised by its attorney that no formal response was required due to improper service of process, that no claim was asserted against Ugly Boat because of the opposing party's failure

to place Ugly Boat in the caption of the action, that no action could properly be brought in Massachusetts against Ugly Boat because of a lack of contacts with the Commonwealth and that any litigation was required to be brought in Florida because of the previously instituted and currently pending case in Florida involving the hull at issue in this action.   None of these actions or inactions constitute a willful default and, therefore, the entry of default against Ugly Boat should be set aside. *See Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir. 1989).

B.   Third Party Defendant's Motion To Set Aside Entry Of Default Should Be Granted Because It Would Not Prejudice Plaintiff

Issue as to whether opposing party will be prejudiced by setting aside default is not mere delay, but rather its accompanying dangers such as loss of evidence, increased difficulties of discovery, or enhanced opportunity for fraud or collusion.   *Federal Deposit Insurance Corporation v. Francisco Investment Corporation et al.,* 873 F.2d 474 (1st Cir. 1989).

In the case at issue, there are no accompanying dangers with the delay of a response.   If the entry of default were set aside and Ugly Boat was allowed to file a responsive pleading, there would be no loss of evidence, no increased difficulties of discovery as discovery appears to have yet taken place, and no enhanced opportunity for fraud or collusion.   Therefore,

because none of the parties have suffered any prejudice by Ugly Boat's delay in filing a responsive pleading, Ugly Boat's request to set aside the entry of default should be granted.

C.   Third Party Defendant's Motion To Set Aside Entry Of Default Should Be Granted Because The Alleged Defenses Are Meritorious

The meritorious defense component of the test in determining whether there is good cause to set aside a default does not go so far as to require that movant demonstrate a likelihood of success on the merits; rather, movant's averments need only plausibly suggest the existence of facts which, if proven at trial, would be a cognizable defense. *Coon v. Grenier,* 867 F.2d 73, 77 (1st Cir. 1989).

In this action, Ugly Boat has several meritorious defenses to the claims asserted against it including the issue of personal jurisdiction and forum non conveniens because of a lack of minimum contacts and the burden of litigating in a distant and inconvenient forum.  In addition, Ugly Boat has substantial substantive defenses including the fact that portions of the structure of the boat at issue were fabricated from a plug as opposed to a mold which fact was known to the Defendants, that parts of a vessel from a plug as opposed to a mold are less substantial and that Defendants made

modifications to the hull after taking delivery including cutting out the transom and raising the deck without reinforcing the hull or running plug. Because Ugly Boat can provide meritorious defenses to the claims asserted against it, Ugly Boat's request to set aside the entry of default should be granted.

## CONCLUSION

For all of the foregoing reasons, the Court should set aside the default entered against Ugly Boat on December 8, 2008 pursuant to the Federal Rules of Civil Procedure Rule 55(c) and allow Ugly Boat to file a responsive pleading late.

Respectfully submitted,
THIRD PARTY DEFENDANT,
Ugly Boat, Inc.,
By its attorney,

/s/
James J. McNulty, Esq.
B.B.O. # 339940
40 Court Street, Suite 1150
Boston, MA 02108-2202
Tel. No. (617) 263-3300
jjm@jjmcnultylaw.com

Dated: April 14, 2009